O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

IN RE DAROLD JAY HECHT,            ) NO. EDCV 12-2246-VBF (MAN)
                                   )
            Petitioner,            )
                                   )
     v.                            ) ORDER DISMISSING PETITION
                                   ) WITH LEAVE TO AMEND
UNKNOWN,                           )
                                   )
            Respondent.            )
_____)

Petitioner, a California state prisoner represented by counsel, filed a habeas petition pursuant to 28 U.S.C. § 2254 on December 20, 2012 ("Petition"). The Petition suffers from numerous defects and must be dismissed. If Petitioner wishes this action to proceed, he must file a First Amended Petition that corrects the following defects:

First, pursuant to Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts, a state habeas petitioner seeking federal habeas relief must present a habeas petition that "substantially follow[s]" the form of petition accompanying the Section 2254c Rules or the form of petition prescribed by a local rule of the pertinent District Court. Local Rule 83-16.1 requires state prisoners

seeking federal habeas relief in the Central District of California to utilize the habeas petition form approved and supplied by this District Court, which is Form CV-69.

Petitioner has not complied with these requirements. Petitioner did not utilize Form CV-69. Rather, the Petition is presented in a narrative form, which omits much of the information required to be provided pursuant to Form CV-69. For example, Petitioner has failed to provide information critical to the threshold exhaustion question, including an identification of the claims he raised and exhausted in state appeal and/or habeas proceedings. Petitioner also has not provided the information required by Paragraph 11 of Form CV-69, *i.e.*, he has not indicated whether or not he has any pending state proceedings.

Even more critically, Petitioner has failed to identify clearly the federal habeas claims he intends to assert in this case. The narrative nature of the Petition makes it difficult to ascertain specifically what claims Petitioner intends to assert in this action. It appears that Petitioner raises a claim of prosecutorial misconduct (with multiple subclaims) (Petition pp. 12-25), a claim of ineffective assistance of trial counsel (also with multiple subclaims) (Petition pp. 25-43), and a claim of trial court bias (Petition pp. 43-45). It also may be that Petitioner is asserting two additional claims -- namely, a freestanding claim based on asserted actual innocence (Petition pp. 9-10) and a claim based on a "lack of fundamental fairness in trial proceeding" based on the same subject-matter as the prosecutorial misconduct, ineffective assistance, and trial court bias claims (Petition pp. 10-12) -- although

it is unclear whether these allegations constitute distinct habeas claims or are set forth merely as prefatory discussion.[1]

In any First Amended Petition he files, Petitioner must utilize Form CV-69.  Of course, Petitioner may append explanatory text, argument, and exhibits to the form petition.  If, in fact, Petitioner intends to assert five distinct federal habeas claims, he must make this clear in the allegations of Paragraph 8 of the Form CV-69 First Amended Petition and any attachments.

Second, in violation of Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Petition does not name a Respondent.  Thus, there is no party on whom the Petition may be served and no party against whom federal habeas relief could be granted were such relief warranted.  In any First Amended Petition he may file, Petitioner must name the appropriate Respondent, namely, the state officer who has custody of Petitioner.

Third, in violation of Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts, the Petition has not been signed under penalty of perjury.  Any First Amended Petition filed

---

[1]    It is unclear to the Court why Petitioner would assert a separate "lack of fundamental fairness" claim for relief predicated entirely on the same allegations as three other claims.  In addition, Petitioner's apparent assertion of a freestanding claim of actual innocence may not be cognizable.  Under existing United States Supreme Court precedent, it is an open question whether a freestanding "actual innocence" claim is cognizable under federal habeas law in a noncapital case.  See District Attorney's Office v. Osborne, 557 U.S. 52, 71, 129 S. Ct. 2308, 2321 (2009); House v. Bell, 547 U.S. 518, 554-55, 126 S. Ct. 2064, 2087 (2006); Herrera v. Collins, 506 U.S. 390, 400-17, 113 S. Ct. 853, 860-69 (1993).

3

by Petitioner must be properly verified.

Until the above defects are corrected, this action cannot proceed. If Petitioner wishes to pursue this action, he is granted thirty (30) days from the date of this Order in which to file a properly verified First Amended Petition utilizing Form CV-69.  Any First Amended Petition which Petitioner chooses to file shall be complete in and of itself and shall not refer in any manner to the original Petition.

**Petitioner is explicitly cautioned that his failure to file a First Amended Petition within the time specified in this Order and/or to correct the deficiencies noted herein may result in a recommendation that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

IT IS SO ORDERED.

DATED: January 11, 2013.

_Margaret A. Nagle_

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

4