UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -- GENERAL**

Case No.     LA CV 12-02246-VBF-MAN          Dated:     May 5, 2014

Title:     *Darold Jay Hecht, Petitioner v. Daniel Paramo, Respondent*

PRESENT:     HONORABLE VALERIE BAKER FAIRBANK, SENIOR U.S. DISTRICT JUDGE

N/A                                             N/A
Courtroom Deputy                                Court Reporter

ATTORNEYS PRESENT FOR APPELLANT          ATTORNEYS PRESENT FOR APPELLEES

N/A                                             N/A

PROCEEDINGS (IN CHAMBERS):     ORDER     (1)   Overruling Petitioner's Objections;
                                        (2)   Adopting Report & Recommendation;
                                        (3)   Granting Respondent's Motion to Dismiss;
                                        (4)   Dismiss Habeas Petition with Prejudice as Untimely;
                                        (5)   Declining to Issue a Certificate of Appealability;
                                        (6)   Directing Entry of Separate Judgment

    Represented by counsel, California state prisoner Darold Jay Hecht ("petitioner") brought this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. The respondent field a motion to dismiss the petition, and petitioner's counsel filed an opposition brief. The Honorable Margaret Nagle, United States Magistrate Judge, has issued a characteristically well-reasoned Report and Recommendation ("R&R") recommending that the habeas petition be dismissed with prejudice as untimely, and petitioner has filed objections (Doc 21). Although respondent had a right to respond to the objections, it elected not to do so. Having reviewed the habeas petition,

the motion to dismiss, petitioner's brief opposing dismissal, the R&R, petitioner's objections to the R&R, and the applicable law, the Court determines that the petition is indeed untimely. Accordingly, the Court will adopt the R&R, dismiss the petition with prejudice as untimely, and deny a certificate of appealability. The Court will then direct the entry of judgment by separate document as required by Fed. R. Civ. P. 58.

A jury convicted Hecht of child sex offenses in 2009 and he was sentenced to 24 years in state prison. On direct appeal, Hecht raised only an instructional-error claim, and it does not correspond to any of the claims in the instant federal habeas petition. The California Court of Appeal affirmed the judgment in September 2010 and the California Supreme Court summarily denied his ensuing petition for review on December 1, 2010. Exactly one year later, on December 1, 2011, Hecht filed an original habeas petition in the state trial court raising claims which correspond to those in the instant federal petition. The trial court issued a reasoned written decision denying the petition on February 8, 2012. Hecht filed with the California Court of Appeal another original habeas petition asserting the same claims on March 5, 2012, and that court denied it on March 15, 2012. More than one hundred days later, on June 27, 2012, Hecht filed an original habeas petition asserting the same claims in the California Supreme Court, which issued an order on November 28, 2012 summarily denying the petition with four citations, including two citations indicating that the bases for the denial were failure to state with particularity the facts supporting relief and to includes copies of reasonably available evidence supporting the claim, and a failure to raise claims on direct appeal that could have been so raised. *See* R&R at 2-3 with n. 3. Hecht filed this petition 28 days later, on December 20, 2012.

**First, the Magistrate is right (R&R at 5-6) that Hecht's conviction became final, for AEDPA purposes, when** his time to petition the U.S. Supreme Court for *certiorari* elapsed ninety days after the California Supreme Court's denial of review on direct appeal on December 1, 2010, i.e., March 1, 2011. That triggered the start of AEDPA's one-year limitation period.

**The Magistrate is also correct (R&R at 5) that Hecht has not shown that he is entitled to a later start date for the limitations period for any of his claims under 28 U.S.C. § 2244(d)(1)(A) through ©** (new

constitutional right made retroactive to cases pending on collateral review, newly discovered material facts or evidence that was not available through the exercise of reasonable diligence earlier, or governmental interference that prevented him from filing his federal petition earlier). *See, e.g., Chin v. Hill*, 548 F. App'x 486, 487 (9th Cir. 2013) (rejecting petitioner's argument that he was entitled to a later claim-accrual date under § 2244(d)(1)**(A)** because his claim did not accrue until the time to petition for certiorari from the denial of his administrative appeal expired); *Gabay v. Lackner*, 2014 WL 29727, *3-*4 with nn. 5-6 (E.D. Cal. Jan. 3, 2014) (rejecting petitioner's argument that he was entitled to a later claim-accrual date under 28 U.S.C. § 2244(d)(1)**(B)** due to an external government-created impediment to his filing his federal habeas claims earlier); *Lewis v. Gipson*, 2014 WL 1286219, *2 (C.D. Cal. Mar. 4, 2014) ("Petitioner has made no contention that he was impeded from filing his federal petition by unconstitutional state action and thereby entitled to a later trigger date under § 2244(d)(1)(B). Moreover, petitioner has no basis for contending that he is entitled to a later trigger date under § 2244(d)(1)© because his sentencing[-]error claim is based on a constitutional right that was initially recognized by the . . . Supreme Court subsequent to the date his conviction became final and that has been made retroactively to cases on collateral review."), *R&R adopted*, 2014 WL 1291804 (C.D. Cal. Mar. 31, 2014).

Thus, by the time Hecht filed his first state habeas petition on December 1, 2011, 274 days of AEDPA's 365-day limitations period had already run, *see* R&R at 6.

**Second, the Magistrate is right that Hecht is entitled to some statutory tolling of the AEDPA limitations period but not enough to render his petition timely.** Section 2244(d)(2) suspends the AEDPA limitations period for the time during which a properly filed application for postconviction relief is pending in state court, and for *reasonable* intervals between a state court's denial of such an application and the petitioner's filing of another such application in the next highest state court. *See* R&R at 6 (citing *Biggs*, 339 F.3d at 1046 and *Carey*, 536 U.S. at 217-25); *see, e.g., Luna v. Kernan*, 2012 WL 1574687, *3 (E.D. Cal. May 3, 2012) ("Petitioner waited 144 days until September 28, 2004, to file the next petition in the California Court of Appeal. Petitioner is not entitled to statutory tolling for the delay in the filing.") (citing, *inter alia*, *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (115-day delay between state habeas filings was too long for gap tolling)).

**This is called "gap tolling"**, *see Hernandez v. Diaz*, 2014 WL 1401861, *3 (C.D. Cal. Apr. 9, 2014) (citing *Carey*, 536 U.S. at 223, 122 S. Ct. 2134), and the federal habeas court consults state law in determining when a gap is reasonable. *See Evans v. Chavis*, 5446 U.S. 189, 191, 126 S. Ct. 846, 849 (2006) (state habeas petitions held untimely under state law were not "pending" for purposes of § 2244(d)(2)); *Pace v. DiGuglielmo*, 544 U.S. at 414, 125 S. Ct. at 1812 ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)."), *see, e.g., Olson v. Cash*, 2014 WL 1402882, *2 (C.D. Cal. Apr. 8, 2014) (AEDPA limitations period is gap-tolled "as long as the interval between the filing of those [state-court habeas] petitions are timely under state law.") (citations omitted). **Thus, the Magistrate is right (R&R at 6-7) that AEDPA automatically tolled the limitations period while petitioner's first state habeas petition was pending (December 1, 2011 through February 8, 2012, when the state trial court denied it).**

After the state trial court denied petitioner's first state habeas petition raising these claims on February 8, 2012, petitioner filed an identical habeas petition in the California Court of Appeal less than one month later, on March 5, 2012. **The Court also agrees with the Magistrate that under our precedents, the lapse of less than one month between the denial of the Superior Court habeas petition and petitioner's filing of the Court of Appeal habeas petition was not unreasonable, and hence AEDPA further tolled the limitations period during that period**. *See* R&R at 7; *see also, e.g., Payne v. Gipson*, 2013 WL 693011, *4 (C.D. Cal. Jan. 15, 2013) ("[P]etitioner proceeded with reasonable diligence to file his second habeas petition with the Court of Appeal some six weeks after the Superior Court denied his first habeas petition."), *R&R adopted*, 2013 WL 693006 (C.D. Cal. Feb. 21, 2013); *contrast Ramirez v. Long*, 2014 WL 1325568, *4 (C.D. Cal. Mar. 31, 2014) ("The Second Trial Court Petition also was denied on its merits, and thus, Petitioner is entitled to receive statutory tolling for the time while it was pending, . . . . However, Petitioner is not entitled to receive statutory tolling for the 505-day gap that preceded its filing . . . ."). Standard statutory tolling then tolled the period for another ten days until the Court of Appeal denied that petition on March 15, 2012, *see id.*

**Next, petitioner waited more than three months before filing the identical habeas petition in the California Supreme Court on June 27, 2012. The Magistrate correctly concludes that this delay of more**

**than three months was unreasonable without an adequate explanation from petitioner.** *See* R&R at 9-13 (citing, *inter alia*, *Stancle*, 692 F.3d at 956 (holding that unexplained delay of 82 days was unreasonable and thus that petitioner was not entitled to AEDPA gap tolling) and *Velasquez*, 639 F.3d at 968); *see id.* at 11 ("Petitioner and his counsel do not identify a single investigative effort that was undertaken, or any additional item of evidence that was obtained, which justified delaying 103 days before filing an identical habeas petition . . . . * * * While they vaguely allude to a related civil lawsuit, they do not explain how actions being undertaken in that sep[arate lawsuit had generated additional evidence germane to the state habeas efforts, . . . .").

**This conclusion is particularly appropriate given that the habeas petition filed in the California Supreme Court was identical to that filed three months earlier in the California Court of Appeal.** *See Perez v. Biter*, 2013 WL 5890633, *4 (C.D. Cal. Oct. 31, 2013) (Gary Feess, J.) ("Petitioner is not entitled to tolling of the 102- and 97-day periods between his state habeas petitions.  Petitioner's court of appeal and supreme court habeas petitions were nearly identical to his superior court petition . . . , and thus it is not clear why he needed additional access to the law library before reasserting the same claims in the higher courts.") (internal citations omitted) (citing *Velasquez*, 639 F.3d at 968).  For this reason, petitioner's AEDPA limitations period resumed running on March 13, 2012 (the day after the Court of Appeal denied his habeas petition) and expired 91 days later, on June 14, 2012, which was before he filed the state Supreme Court petition.  *See* R&R at 13.

**As the Magistrate correctly notes, because petitioner filed his California Supreme Court habeas petition after the AEDPA limitation period expired, the filing of that petition could not act to "resurrect" the expired limitations period or start a new period running.** *See* R&R at 13 (citing, *inter alia*, *Ferguson*, 321 F.3d at 823); *see also, e.g., Sith v. Virga*, 2014 WL 229257, *5 (E.D. Cal. Jan. 17, 2014) ("With the tolling of seven days during the pendency of petitioner's first state habeas petition . . . , the limitations period for him to seek federal habeas relief was extended to November 17, 2010.  None of the habeas petitions filed by petitioner after that date could serve to statutorily toll the AEDPA statute of limitations which had already expired.") (citing *Ferguson*, 321 F.3d at 823); *Gleghorn v. Campbell*, 2014 WL 185591, *8 (C.D. Cal. Jan. 14, 2014) ("[H]is limitations period . . . expired . . . over ten months before Petitioner again sought state habeas relief.  Petitioner cannot received interval tolling for the gap in time between the July 19, 2008 denial of his

| MINUTES FORM 90 | Initials of Deputy Clerk ___jmb___ |
|---|---|
| CIVIL - GEN | |

habeas petition . . . and the February 10, 2010 filing of another petition in the California Court of Appeal . . . . [Hi]s limitations period expired in the interim.") (n.12 omitted) (citing, *inter alia*, *Jiminez*, 276 F.3d at 482).

**As the Magistrate reasons, petitioner is not entitled to equitable tolling for the simple reason that he has not made any attempt to establish his entitlement to such tolling**. *See* R&R at 13 n.8. That concludes the Court's inquiry into equitable tolling, because it is the habeas petitioner who bears the burden of demonstrating that he is entitled to such tolling. *See Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows that . . . .") (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005) (internal quotation marks and alterations omitted)); *Diaz v. Beard*, 2014 WL 231924, *7 (S.D. Cal. Jan. 21, 2014) ("It is Petitioner's burden to show that equitable tolling is warranted in his case.") (citing *Porter III v. Ollison*, 620 F.3d 952, 959 (9th Cir.2010)).

**Thus the Court need not consider, as the Magistrate briefly does (R&R at 13-14 n.8), whether the record might support equitable tolling here if petitioner tried to carry his burden.** *Accord Alvarez v. Lewis*, 2014 WL 1349075, *3 n.4 (N.D. Cal. Mar. 31, 2014) (stating, in AEDPA case, "The Court need not consider whether Petitioner is entitled to equitable tolling because he did not assert that he is entitled to such tolling."); *Redding v. DC*, 272 F. Supp.2d 282 n.12 (D.D.C. 2011) (stating, in non-habeas case, "Since plaintiff in this case does not even raise equitable tolling, the Court need not consider it *sua sponte*."); *Brunsilius v. Brill*, 2008 WL 2673793, *2 (D. Colo. July 2, 2008) ("Brunsilius has not argued equitable tolling and, therefore, the Court need not consider the issue."), *COA denied*, 303 F. App'x 610 (10th Cir. 2008).

**Finally, the Magistrate is right (R&R at 14-17) that petitioner has not made out a colorable claim of actual, innocence so as to require this Court to hear his claims on the merits despite their untimeliness.** To state a valid claim of actual innocence sufficient to allow claims to be heard despite a procedural or time bar, a federal habeas petitioner has the burden of producing new reliable evidence, "whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence", that was not presented at trial. *See* R&R at 14 (citing *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865). As the Magistrate notes, petitioner has never actually identified any evidence that came to light after he was convicted, let alone shown, as required by *Schlup*,

that "'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *See* R&R at 15 (quoting *McQuiggin*, – U.S. at –, 133 S. Ct. at 1935-36 (quoting *Schlup*, 513 U.S. at 326-27)).

Although Ground Three of the petition is entitled Actual Innocence, it does not identify new reliable evidence but rather merely asserts *legal* error and thus fails to satisfy *Schlup*, which requires a showing of "factual innocence, not mere legal insufficiency." R&R at 16 (quoting *Bousley*, 523 U.S. at 623, 118 S. Ct. at 1611); *see, e.g., Denny v. Diaz*, 2014 WL 111165, *3 (E.D. Cal. Jan. 9, 2014) ("Petitioner's vague and passing reference to the lack of 'any real solid proof like DNA . . . [or] medical and/or physical evidence' to support his conviction . . . falls far short of satisfying this requirement. A challenge to the sufficiency of the prosecutor's evidence at trial is not a showing of actual innocence."); *Easter v. Lee*, 2014 WL 199255, *4 (S.D. Miss. Jan. 16, 2014) (dismissing 2254 petition as untimely, court stated, "Easter contends that his Indictment, though providing adequate notice, failed to follow Mississippi procedural rules. * * * He further argues that a jury instruction identifying a confidential informant constituted constructive amendment [of the indictment] . . . .

Neither argument offers new evidence, or any evidence, that Easter did not sell cocaine as charged or that he did not have prior felony convictions. He has not demonstrated actual innocence.").[1] [2]

Petitioner's conclusory objection does nothing to undermine this disposition. *See* Petitioner's Objections (Doc 21) at 3-4 ("Petitioner has presented facts alleged within his claims that should permit him to pass through the actual innocence gateway . . . . In light of the evidence that came to light after petitioner's conviction including the numerous exculpatory and character witnesses, including witnesses Tom Smith, Peter Cady, Timothy Cariker, Waklter [sic] Pais, Bradley Goebel, Melinda Ray, Emma Lou Klapp and Kim Brown; *see*

---

[1] The rule that claims of legal error (or legal insufficiency of the evidence) do not constitute claims of "actual innocence" for purposes of an exception to the AEDPA limitations period, does not necessarily foreclose a petitioner's claim that he is innocent based on the facts presented at trial but based on the law *as it subsequently changed*. As the Sixth Circuit recently stated,

> The Court declines to accept the government's suggestion that in *McQuiggin*, the [Supreme] Court meant to limit actual innocence claims to those instances where a petitioner presents new facts, i.e., newly discovered evidence of innocence, and by implication to undermine those cases that have applied an equitable exception in cases where the innocence is occasioned not by new evidence but by an intervening, controlling change in the law as applied to a static set of facts.
>
> As discussed *infra*, numerous cases recognize an actual innocence or fundamental miscarriage of justice exception when applied in the context of a claim of *legal* or *statutory* actual innocence, albeit through varied analytical approaches.

*Phillips v. US*, 734 F.3d 573, 582 n.8 (6th Cir. 2013) (emphasis in original). In any event, petitioner has not claimed he would have been found innocent, in any sense of the term, based on law issued after he was convicted

[2] Because the Court is denying a COA, today's decision will not be appealable until and unless the Ninth Circuit grants petitioner a COA. In the event that the Circuit grants a COA on petitioner's request for an actual-innocence exception to the AEDPA time bar, it will review this Court's denial of the actual-innocence argument only for abuse of discretion. *See Stewart v. Cate*, 734 F.3d 995, 1004 with nn. 10-11 (9th Cir. 2013), *amended and superseded on other grounds on denial of reh'g & reh'g en banc*, No. 10-55985, – F.3d –, 2014 WL 1707033 (9th Cir. May 1, 2014) (Berzon, Ikuta, D. Ariz. D.J. Jennifer Zipps).

Ground 2B as well as the prosecution's efforts to suppressing exculpatory and/or impeachment evidence. *See* Ground 1 C, D, E, F; no rational jury would have found petitioner guilty beyond a reasonable doubt."). Petitioner cannot satisfy his burden of passing through the "very narrow" actual-innocence gateway, *see Sawyer v. Whitley*, 505 U.S. 333, 341, 112 S. Ct. 2514 (1992), merely by rattling off a list of alleged witnesses without specifying what they would testify and showing in detail why a rational jury would not convict after hearing that testimony.

### PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY

Absent a COA, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255", *Chafin v. Chafin*, – U.S. –, 133 S. Ct. 1017, – (2013) (Ginsburg, J., joined by Scalia & Breyer, JJ., concurring),[3][4] and the district court must issue or deny a COA when it enters a final order adverse to the applicant, *see* Rule 11(a) of Rules Governing § 2254 Cases. In practice, "[i]t is a 'rare step' for a district court to issue a COA," *McDaniels v. McGrew*, 2013 WL 4040058, *3 (C.D. Cal. Aug. 8, 2013) (Fairbank, J.) (quoting *Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir. 2007) (Hall, J., concurring in judgment)). A COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The Court is mindful that it 'must resolve doubts about the propriety of a COA in the petitioner's favor'", *Adams v. Hedgpeth*, No. LA CV 14-01464-VBF Doc. ___ at 8 (C.D. Cal. Apr. 9, 2014) (quoting *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc)), but no such doubt exists here. Reasonable jurists would not find it debateable that this petition must be dismissed with prejudice because it is untimely

---

[3] *See also* 9th Cir. R. 22-1(e) (appellants "shall brief only issues certified by the district court or the court of appeals") and R. 22-1(f) (appellees "need not respond to any uncertified issues").

[4] There is an exception not applicable here: a COA is not required to appeal an order denying a habeas petitioner's motion for appointed counsel. *See Vreeland v. Davis*, 543 F. App'x 739, 740 n.2 (10th Cir. 2013) and *Green v. Thaler*, 479 F. App'x 658, 659 (5th Cir. 2012) (citing *Harbison v. Bell*, 556 U.S. 180, 129 S. Ct. 1481 (2009)).

MINUTES FORM 90                                                            Initials of Deputy Clerk ___jmb___
CIVIL - GEN

under AEDPA. Therefore, these untimely claims are not "adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3385 n.4 (1983).

<u>ORDER</u>

Petitioner's objection **[Doc #21] is DENIED**.

The Report and Recommendation **[Doc # 19] is ADOPTED**.

The respondent's motion to dismiss the first amended habeas petition **[Doc #15] is GRANTED**.

The first amended habeas corpus petition **[Doc # 4] is DISMISSED with prejudice** as untimely.

A certificate of appealability is **DENIED**. This is a final order, but it will not be appealable if petitioner fails to obtain a certificate of appealability from the U.S. Court of Appeals for the Ninth Circuit.[5]

As required by FED. R. CIV. P. 58(a)(1), the undersigned will issue judgment as a separate document.[6]

IT IS SO ORDERED.

---

[5] *See Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012); *see also* FED. R. APP. P. 22(b)(1).

[6] *See Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013). *Accord Brown v. Fifth Third Bank*, 730 F.3d 698, 699 (7th Cir. 2013); *Brown v. Recktenwald*, – F. App'x –, 2013 WL 6439653, *2 n.2 (3d Cir. Dec. 10, 2013) (p.c.). "To comply with Rule 58, an order must (1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit or substantially omit the district court's reasons for disposing of the claims." *Daley v. USAO*, 538 F. App'x 142, 143 (3d Cir. 2013) (cite omitted). Conversely, "[a] combined document denominated an 'Order and Judgment,' containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription." *In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008).

MINUTES FORM 90                                    Initials of Deputy Clerk ___jmb_____
CIVIL - GEN